1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA and KWANZA EDWARDS, Revenue Officer,<br><br>Plaintiffs,<br><br>v.<br><br>SHARON C. OLSON,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 11-cv-5304-WHA<br><br>[proposed] ORDER |

This matter is before the court on an order to show cause why respondent Sharon C. Olson should not be required to appear before the Internal Revenue Service (IRS) in compliance with an IRS summons.  Having considered the moving papers and all other evidence of record, this court finds that the petition shall be GRANTED.

## I.  BACKGROUND

According to the petition, the IRS is conducting an investigation to ascertain and collect the tax liability of Sharon C. Olson for the 2007, 2008, 2009, and 2010 calendar years.  (Pet. ¶¶ 3-4).  Petitioners believe that Respondent has possession and control of records, documents and other information concerning the IRS's inquiry, as to which the IRS has no access, possession or control.  (See id. ¶ 6).  As part of its investigation,

petitioners served a summons on Respondent; and, the record before the court shows that service properly was made pursuant to 26 U.S.C. § 7603.[1]  On June 14, 2011, Revenue Officer Edwards served a summons on Respondent by personally handing Respondent a copy of the summons.  (See id. ¶ 7).  Respondent did not appear on July 1, 2011, as requested in the summons.  (Pet. ¶ 9).

On November 1, 2011, petitioners filed the instant verified petition to enforce the summons.  On December 19, 2011, this court issued an order to show cause setting a hearing for February 2, 2012.  Although she was served with the order requiring a responsive pleading by January 11, 2012, Respondent failed to file a response.  (Dkt. No. 8).

## II.  DISCUSSION

Under 26 U.S.C. § 7602(a), the IRS is authorized to issue a summons relevant to the investigation of any taxpayer's liability.  Summons may be issued for the purposes of "ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or . . . collecting any such liability."  26 U.S.C. § 7602(a); see also Crystal v. United States, 172 F.3d 1141, 1143 (9th Cir. 1999) (quoting 26 U.S.C. § 7602(a)); United States v. Reed, 105 A.F.T.R.2d (RIA) 862 (N.D. Cal. 2009).  To enforce a summons, the IRS must establish a *prima facie* case for enforcement by showing that the summons (1) is issued for a legitimate purpose; (2) seeks information relevant to that purpose; (3) seeks information that is not already in the IRS's possession; and (4) satisfies all of the administrative steps set forth in the Internal Revenue Code.  United States v. Powell, 379 U.S. 48 57-58 (1964).  "The government's burden is a slight one, and may be satisfied by a declaration from the investigating agent that the Powell requirements have been met."  Crystal, 172

---

[1]Title 26 United States Code, Section 7603, provides that service of summons shall be made "by an attested copy delivered in hand to the person to whom it is directed, or left at his last and usual place of abode."  26 U.S.C. § 7603(a).  Further, "the certificate of service signed by the person serving the summons shall be evidence of the facts it states on the hearing of an application for the enforcement of the summons."  Id.

1   F.3d at 1144 (quoting <u>United States v. Dynavac, Inc.</u>, 6 F.3d 1407, 1414 (9th Cir. 1993)).

2   "The burden is minimal because the statute must be read broadly in order to ensure that

3   the enforcement powers of the IRS are not unduly restricted." <u>Id</u>. (quoting <u>Liberty Fin.</u>

4   <u>Servs. v. United States</u>, 778 F.2d 1390, 1392 (9th Cir.1985)).

5          Once the government has met its burden in establishing the <u>Powell</u> elements, if the

6   taxpayer chooses to challenge the enforcement, he or she bears a heavy burden to show

7   an abuse of process or lack of good faith on the part of the IRS.  Indeed, "[e]nforcement

8   of a summons is generally a summary proceeding to which a taxpayer has few defenses."

9   <u>Crystal</u>, 172 F.3d at 1144 (quoting <u>United States v. Den</u>, 968 F.2d 943, 945 (9th Cir.

10  1992)).  "The taxpayer must allege specific facts and evidence to support his allegations

11  of bad faith or improper purpose."  <u>Id</u>.  (quoting <u>United States v. Jose</u>, 131 F.3d 1325,

12  1328 (9th Cir. 1997)).  As explained by the Ninth Circuit:

13          The taxpayer may challenge the summons on any appropriate grounds, including
            failure to satisfy the <u>Powell</u> requirements or abuse of the court's process.  Such an
14          abuse would take place if the summons had been issued for an improper purpose,
            such as to harass the taxpayer or to put pressure on him to settle a collateral
15          dispute, or for any other purpose reflecting on the good faith of the particular
            investigation.  In addition, it has become clear since <u>Powell</u> that gathering
16          evidence after having decided to make a recommendation for prosecution would be
            an improper purpose, and that the IRS would be acting in bad faith if it were to
17          pursue a summons enforcement under these circumstances.  While neither the
            <u>Powell</u> elements nor the <u>LaSalle</u> requirements is an exhaustive elaboration
18          of what good faith means, still the dispositive question in each case is
            whether the Service is pursuing the authorized purposes in good faith.

19

20  <u>Id</u>. at 1144-45 (internal quotes and citations omitted).

21          While the government's burden is not great, it is not necessarily satisfied by an

22  agent's mere assertion of relevance.  <u>United States v. Goldman</u>, 637 F.2d 664, 667 (9th

23  Cir. 1980).  Once a summons is challenged, it must be scrutinized by the court to

24  determine whether it seeks information relevant to a legitimate investigative purpose, and

25  the court may choose either to refuse enforcement or narrow the scope of the summons.

26  <u>Id</u>. at 668.

27          In the instant case, petitioners have met their initial burden of showing that the

28  <u>Powell</u> elements have been satisfied, largely through the verified petition signed by

Revenue Officer Edwards.  See Crystal, 172 F.3d at 1144 (finding that the special agent's declaration satisfied the Powell requirements and that the government therefore "established a prima facie case to enforce the summonses"); Dynavac, Inc., 6 F.3d at1414 (stating that the government's burden "may be satisfied by a declaration from the investigating agent that the Powell requirements have been met."); United States v. Bell, 57 F. Supp.2d 898, 906 (N.D. Cal. 1999) ("The government usually makes the requisite *prima facie* showing by affidavit of the agent."); United States v. Panzo, 105 A.F.T.R.2d 2010-1648 (N.D. Cal. 2010) (same).

Here, the verified petition indicates that the IRS's investigation is being conducted for the purpose of "ascertain[ing] the tax liability of Sharon C. Olson."  (See Pet. ¶¶ 3-4). The summons is relevant to that purpose.  The summons asks Respondent to appear and bring with her documents pertaining to income that she received for 2007, 2008, 2009, and 2010. (See id. Ex. A).  The petition further indicates that the information is not already in the IRS's possession, that there has been no referral for criminal prosecution of this matter, and that all administrative steps required by the Internal Revenue Code for the issuance of the summons have been taken.  (See Pet. ¶¶ 6, 11, 12, 13 and Exs. A and B).

Respondent has not met her burden of showing an abuse of process or lack of good faith on the part of the IRS, and this court GRANTS the verified petition to enforce the IRS summons.

Respondent is ORDERED to provide the records and testimony requested in the attached IRS summons by March 30, 2012;  Failure to comply with the instant order may be grounds for a finding of contempt. See, e.g., United States v. Ayres, 166 F.3d 991, 994-96 (9th Cir. 1999) (affirming finding of contempt, where party failed to comply with court order directing him to provide testimony and produce records to IRS).

IT IS FURTHER ORDERED that the February 2, 2012, hearing is VACATED. Petitioners are directed to serve a copy of this ORDER, Exhibit A, and Exhibit B on Respondent in accordance with Fed. R. Civ. P. 4 and file a proof of service with the Court.

IT IS SO ORDERED.

Dated:  January 19, 2012.

William Alsup
UNITED STATES DISTRICT JUDGE

*ORDER*
*Case No.  11-cv-5304 WHA*                    5